Nadine Mullings
33457-037
Federal Correctional Institution
Route 37
Danbury, CT 06811

March 17, 2008



The Clerk of the Courts
United States District Court
District of Maryland
United States Courthouse
101 West Lombard Street
Baltimore, MD 21201

      Re:   Docket No. CCB-98-0489

My name is Nadine Mullings and I am currently incarcerated at The Federal Correctional Institution located in Danbury, Connecticut.

Please find enclosed a document petitioning the Courts for a reduction of my offense level.

                              Respectfully Yours,

                              Nadine Mullings

IN THE UNITED STATES DISTRICT COURT
FOR THE
District DISTRICT OF Maryland

UNITED STATES OF AMERICA
Plaintiff,

vs.

CASE NO: CCB-98-0489

Nadine Mullings
Defendant

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
MAR 19 2008
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

### MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Defendant comes before this court seeking the reduction in her prison sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant asks this court give retroactive effect to Amendment 706 under U.S.S.G §1B1.10 and reduce her sentence from 168 months to Immediate Release. The Sentencing Commission has expressly designated Amendment 711 as one that may be applied retroactively. U.S.S.G. §1B1.10(c).

The district court makes two determinations in deciding whether or not to modify a sentence under 18 U.S.C. §3582(c)(2). Under the first step, the sentencing court considers what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced. U.S.S.G. §1B1.10(b). The district court determines what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing, leaving untouched all other previous factual decisions concerning particularized sentencing factors. See **United States v. Wyatt**, 115F.3d 606,609(8th Cir. 1997). Such factors include, inter alia, role in the offense, obstruction of justice, victim adjustments, more than minimal planning, and acceptance of responsibility.

In this particular case,



Accordingly, the district court should simply determine the Guideline range that would have applied in this case had Amendment 711 been in effect ab initio. Here, the relevant Guideline range would be 120 months opposed to the pre-Amendment's 168 month range.

Having established the applicable Amendment guideline range, the court next considers the factors contained in 18 U.S.C.§ 3582(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed. Wyatt, 115 F.3d at 609; 18 U.S.C. §3582(c)(2). The factors set forth in §3553(a) are the following (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the applicable sentencing range under the Guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims, 18 U.S.C. §3553(a). Put more succinctly, the statute required the sentence imposed to be minimally sufficient to satisfy concerns of retribution, general deterrence, and rehabilitation.

In conclusion, Defendant respectfully requests that this court grant her Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2).

Respectfully submitted,

I.D. No 33457-037 Nadine Mulliney

## CERTIFICATE OF SERVICE

I, Nadine Mullings, certify under the penalty of perjury pursuant to 28 U.S.C. 1746, that a true and correct copy of the foregoing has been placed in the Federal Correctional Institution mailbox in Danbury, Connecticut on this 17 day of March, 2008 in accordance with the prison mailbox rule Houston v. Lack, 487 U.S. 266 (1988), this above styled motion is deemed filed upon placement in the prison mail room and mailed to the following:

So Served,

*[signature]*